UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:13CV320-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER AND JUDGMENT** |
| v. | ) | **OF FORFEITURE** |
| | ) | **(BY CONSENT)** |
| ONE ASUS LAPTOP COMPUTER AND | ) | |
| OTHER COMPUTER DEVICES, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on the government's motion for a consent judgment of forfeiture against certain items of the defendant property. Both claimants have signed a stipulation and consent to forfeiture.

THE COURT FINDS THAT:

1. A verified complaint for forfeiture in rem of the defendant property was filed on May 29, 2013. The Clerk issued a warrant for arrest in rem on May 30, 2013. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345, 1355(a), and § 1355(b).

2. Process was fully issued in this action and returned according to law. Pursuant to the warrant for arrest in rem, as shown by the process receipt and return filed herein on September 17, 2013, the defendant property had been previously seized and was retained in custody of the United States, subject to the jurisdiction of the Court. Service of process was made by internet publication of notice, as shown by the government's declaration filed on July 1, 2013.

3. Notice was served on claimant Robert Bove, through counsel. Timely claims were filed herein by Robert Bove and Deena K. Bove. No other person has filed a claim.

4. On April 19, 2011, claimant Robert Bove was indicted in a related criminal case, No. 3:11CR104-RJC. He entered his plea of guilty, without a plea agreement, on September 26, 2013.

5. Based on the allegations of the verified complaint herein, the United States has stated sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial, as required by Supplemental Rule G(2)(f), regarding the property forfeited by this consent judgment. Accordingly, and by consent of the parties, the Court finds probable cause to believe that the forfeited property contains one or more visual depictions and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct, and that it was knowingly possessed in

violation of 18 U.S.C. § 2252(a)(4). The property is therefore subject to forfeiture under 18 U.S.C. §§ 2253-2254.

6. The parties have agreed to settlement of all forfeiture matters in this civil case, as provided herein.

BASED ON THE FOREGOING FINDINGS, THE COURT CONCLUDES that the government is entitled to a judgment of forfeiture by consent against two items of the defendant property and two other items of property in government custody, as listed below.

**THEREFORE, IT IS HEREBY ORDERED**, ADJUDGED, AND DECREED THAT:

1. The following items of the defendant property shall be forfeited to the United States:

> One Dell laptop computer, SN F6D2G61; and,
> One 1 GB Sealaska thumb drive.

2. In addition, the following items possessed by Robert Bove and delivered by his employer to FBI custody, shall be forfeited by consent of the parties:

> One CD entitled "Bank2 March 28, 2006-5"; and,
> One CD entitled "program files March 28, 2006-4."

3. The United States shall copy all unencrypted files located on a remaining defendant property, that is, a Western Digital hard drive, SN WCALK1417976, transferring those filed to new CDs, and deliver the new CDs with the copied files to claimant Deena K. Bove or her designee. The United States shall then erase and "wipe" all files, data, and any other material or content from the Western Digital hard drive, using whatever methods the United States determines, in its sole and unreviewable discretion, to be necessary to fully remove all such material and content from the defendant property.

4. The Western Digital hard drive and all other remaining items of the defendant property shall then be delivered to claimant Deena K. Bove or her designee.

5. Except to the extent of their claims and this settlement and agreement of the parties, claimants are deemed to have denied the allegations of the complaint. No answer or further responsive pleading shall be required.

Signed: October 7, 2013

Robert J. Conrad, Jr.
United States District Judge